IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>1) Earnest Lee Miller,<br><br>　　　　　Defendant. | No. CR-11-00763-TUC-JGZ (JR)<br><br>**ORDER** |

On June 20, 2013, Magistrate Judge Jacqueline Rateau issued a Report and Recommendation ("R&R") (Doc. 318) in which she recommended that Defendant's Motion to Suppress (Doc. 248) be denied. The R&R provided that any party could file written objections within fourteen (14) days after being served with a copy of the R & R. On July 5, 2013, Defendant filed an Objection to the R&R. (Doc. 321.) The government filed a response to Defendant's Objection on July 15, 2013. (Doc. 322.) For the reasons stated herein, the Court adopts the R&R.

**STANDARD OF REVIEW**

The Court reviews de novo the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the R&R. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

**FACTUAL BACKGROUND**

The factual background contained in Magistrate Rateau's R&R (Doc. 318) is adopted by reference herein. To the extent Defendant's Objection alleges erroneous

factual findings by the Magistrate, those objections are addressed below.

**ANALYSIS**

Defendant objects to the Magistrate's R&R on two grounds: (1) Defendant contends that the Motion to Suppress should be granted because there was no valid warrant for the search in this case and the search exceeded the scope of the warrant that was issued; and (2) the Motion to Suppress should be granted because the search warrant was not properly served on Mr. Miller, as required by law.

**1.    Validity and Scope of the Warrant**

Defendant contends that the search warrant relied on during the search of his residence was not valid because Attachment B of the warrant lists Defendant's address as "36335 South Universal Ranch Road," when Defendant in fact resides at – and agents conducted their search at – "36335 South Arivaca Ranch Road."

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, ... and particularly describing the place to be searched...." Not every defect in a search warrant compels suppression of evidence seized pursuant to the warrant. *See United States v. McCain*, 677 F.2d 657, 660 (8th Cir. 1982). The test for determining the sufficiency of the warrant description is whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched. *See United States v. Turner*, 770 F.2d 1508, 1510 (9th Cir. 1985).

The warrant at issue in this case listed Defendant's correct address in the caption and in the list of items to be seized. (Doc. 248-1, pgs. 1, 4.) However, Attachment B, which describes the address to be searched, states:

> The property to be searched is located at 36335 S. Universal Ranch Road, Arivaca, Arizona is approximately 2.2 acres and contains a main residence that is identified as a doublewide trailer with a red brick adobe add on building, a barn structure and several garages. There are additional single wide trailers that are currently being rented to unknown residents, these trailers will not be included in the search warrant at this time.

Agent Slagle, who prepared the warrant application with input from other agents, testified that he inadvertently substituted "Universal Ranch" for "Arivaca Ranch" and that the two roads intersect near Defendant's residence. (TR 5/28/13, pgs. 15-16.) Attachment B also provided an aerial photo of Defendant's property.  (Doc. 248-1 pg. 6.)

Although Attachment B erroneously listed the wrong street, it nevertheless described Defendant's property with sufficient particularity that an executing officer could locate and identify the premises, and nothing in the record suggests any reasonable probability that another premise might mistakenly be searched.  In so holding, the Court concludes that the present case is closely analogous to *Turner*.[1]  The street number and town were both listed correctly on Attachment B, and Universal Ranch Road and Arivaca Ranch Road intersected nearby.  *See Turner*, 770 F.2d at 1511 (warrant more likely to be sufficient when the address in the warrant was reasonable for the location intended).  Attachment B describes the size and appearance of Defendant's main residence using identifying markers such as "2.2 acres" and "double wide trailer with a red brick adobe add on building" and notes that a barn, garages and additional single wide trailers are also located nearby.  *See id.* (finding that a warrant is sufficiently particular despite an incorrect address where the verbal description contained in the warrant described the house to be searched with great particularity).  In addition, Agent Feldman, the agent who

---

[1] Defendant's Objections attempt to distinguish *Turner* by arguing that each of the factors considered in *Turner*, as applied here, do not make a sufficient showing of particularity.  For example, Defendant contends that an officer's subjective knowledge cannot form the basis for a warrant application because a warrant cannot be issued based on an officer's request to "search this house I'm looking at right now." (Doc. 321, pg. 3.)  Defendant also argues that the structures present on Defendant's property were common to the area such that the warrant's description was not particularly descriptive, and that there is no proof that the agents relied on the aerial photograph included in the warrant. (Doc. 321, pg. 5.)  The Court agrees that *Turner's* facts made a stronger showing of particularity, but concludes that *Turner* is nonetheless the most applicable case to guide this Court's decision.  While proof of one of the *Turner* factors standing alone might have been insufficient in this case, the combination of factors present here lead the Court to conclude that the warrant adequately identified Defendant's property such that the agents could – and did – search the appropriate premises. Furthermore, the case relied on by Defendant in his Motion to Suppress (incorporated by reference in his Objection) involves errors in the identification of property in a warrant application far more egregious than the misstated street name in the instant case. (Doc. 248, pgs. 15-16.)  In *United States v. Collins*, 830 F.2d 145, 146 (9th Cir. 1987), the police "were remarkably unparticular. They got the street address wrong twice. They got the sides of the street wrong once. They did not have a physical description that brought them to the right place."

- 3 -

1   executed the search, also assisted in the drafting of the warrant application, including the
2   description of the structures to be searched, and reviewed the final draft of the
3   application.[2] (TR 5/28/13, pgs. 12-13.) Agent Feldman was familiar with Defendant's
4   property, having worked in law enforcement in that area for 14 years and having reason
5   to speak with Defendant in the past. (TR 5/28/13, pg. 72.) *See id*. (upholding warrant
6   with incorrect address in part because the house had been under surveillance before the
7   warrant was sought and the warrant was executed by an officer who had participated in
8   applying for the warrant and who personally knew which premises were intended to be
9   searched); *see also United States v. Mann*, 389 F.3d 869 (9th Cir. 2004) (finding warrant
10  sufficiently particular where agents executing warrant personally knew which premises
11  were intended to be searched). Detective Halkowitz testified that there is no such address
12  as 36335 Universal Ranch Road. (TR 5/28/13, pg. 59.) *See id*. (warrant is sufficiently
13  particular absent a showing of any reasonable probability that another premise might be
14  mistakenly searched). Finally, it is undisputed that "the premises which were intended to
15  be searched were those actually searched." *Id*. In sum, these factors, taken together,
16  demonstrate that the search warrant was sufficiently particular such that "there was
17  virtually no chance that the executing officer would have any trouble locating and
18  identifying the premises to be searched, or that he would mistakenly search another
19  house." *Id.* Defendant's Objection is denied on this ground.

20  Defendant also argues that the search exceeded the scope of the warrant, because
21  agents searched Defendant's property when the warrant only authorized them to search
22  property located at 36335 South Universal Ranch Road. In support of this argument,
23  Defendant cites to *United States v. Robinson*, 358 F.Supp.2d 975 (D. Mont. 2005). In
24  *Robinson*, agents presented a warrant application which referred to the defendant's
25  residence and vehicle as likely containing contraband, but due to a mistake, obtained a

---

[2] Defendant correctly notes that the Magistrate Judge erred in suggesting that Detective Halkowitz participated in the search and therefore his familiarity with the property could be considered as a factor supporting the warrant's validity. (Doc. 318, pg. 9.) This error is harmless, however, in light of this Court's finding that Agent Feldman was involved in the drafting of the warrant and then supervised the warrant's execution.

warrant to search only the vehicle. The agents then searched both the residence and the vehicle. The evidence seized from the residence was suppressed on the ground that the search exceeded the scope of the warrant. The Court concludes that *Robinson* is distinguishable from the present case. Unlike *Robinson*, the warrant in this case contained a "minor error in the description of the place to be searched," which *Robinson* acknowledges to be the type of mistake that a reviewing court can overlook. *Id.* at 980. Conversely, in *Robinson*, the agents searched a residence when the warrant plainly authorized them to search only a vehicle – an error the *Robinson* court describes as "not a mistaken description but a complete omission." *Id.* To determine the scope of the warrant issued in this case, the Court must conduct an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search. *See United States v. Hitchcock*, 286 F.3d 1064, 1071 (9th Cir. 2002), *amended and superceded on other grounds by United States v. Hitchcock*, 298 F.3d 1021 (9th Cir. 2002). Given that the agent who executed the warrant had assisted in drafting the warrant application, was familiar with Defendant and his residence, acted on a warrant that accurately and specifically described the property but for an erroneous street name and searched the residence intended to be searched, the Court concludes that the search did not exceed the scope of the warrant in this case. Defendant's Objection is denied on this ground.

**2.    Service of the Warrant**

Defendant contends that he is entitled to suppression of the evidence pursuant to Rule 41(f)(1)(C), Fed. R. Crim. P., because agents failed to present Defendant with a copy of the warrant prior to the search.[3] Rule 41(f)(C) provides that "the officer

---

[3] Although the Magistrate Judge noted that there was conflicting testimony from Defendant and Agent Slagel regarding whether and when Defendant was provided with a copy of the warrant (Doc. 318, pg. 6), Agent Slagel admitted during his testimony that a hard copy of the warrant was not present at the scene when the search began. (TR 5/28/13, pgs. 25-26.) Thus, it is undisputed that Defendant was not served with a copy of the warrant prior to execution of the search warrant. In addition, the Court notes that Defendant has moved for suppression on the ground that he was not provided with a copy of the warrant prior to the search; Defendant has not argued that he is entitled to suppression because he was never served with a copy of the warrant.

- 5 -

1 executing the warrant must give a copy of the warrant and a receipt for the property taken
2 to the person from whom, or from whose premises, the property was taken." The parties
3 dispute whether, in light of the United States Supreme Court's decision in *United States*
4 *v. Grubbs*, 547 U.S. 90 (2006), Rule 41(f)(1)(C), Fed. R. Crim. P., requires the executing
5 officer to serve the warrant on the owner before commencing the search. The Court need
6 not resolve this dispute over *Grubbs'* applicability, however, because even if Rule
7 41(f)(1)(C) does impose such a requirement, suppression is nevertheless not required in
8 this case.

9       "Violations of Rule [41(f)(1)(C)] do not usually demand suppression ...." *United*
10 *States v. Williamson*, 439 F.3d 1125, 1133 (9th Cir. 2006). There are three circumstances
11 under which evidence obtained in violation of Federal Rule of Criminal Procedure 41
12 requires suppression: (1) the violation rises to a "constitutional magnitude;" (2) the
13 defendant was prejudiced, in the sense that the search would not have occurred or would
14 not have been so abrasive if law enforcement had followed the Rule; or (3) officers acted
15 in "intentional and deliberate disregard" of a provision in the Rule. *Id*. (citing *United*
16 *States v. Martinez–Garcia*, 397 F.3d 1205, 1213 (9th Cir.), *cert. denied*, 546 U.S. 901
17 (2005)). Defendant has failed to demonstrate that any of these circumstances are present
18 in this case. Although Defendant contends that the agents acted in deliberate disregard of
19 Rule 41, the record does not support that conclusion. A showing of intentional and
20 deliberate disregard requires proof of bad faith. *Williamson*, 429 F.3d at 1134. Agent
21 Slagel testified that he is trained to leave a copy of the warrant with the person whose
22 residence is searched. (TR 5/28/13, pg. 35.) There is nothing in the record to suggest
23 that Agent Slagel was trained to provide a copy of the warrant to Defendant prior to the
24 start of the search, but deliberately chose not to do so. *See id*. (where the agent executing
25 the warrant is unaware of the Rule but acts in good faith in executing what he or she
26 believes to be the Rule, he or she has not acted in deliberate disregard of it; thus
27 suppression is not appropriate); *see also United States v. Gantt*, 194 F.3d 987, 1005 (9th
28 Cir. 1999) (finding bad faith where defendant asked to see warrant and agents refused to

provide it).  Defendant also argues that he was prejudiced by the agents' failure to provide him with a copy of the warrant prior to the search because it deprived him of the opportunity to object to the warrant on the grounds that it listed an incorrect address. However, even if Defendant had identified the address defect, the agents would have had an opportunity to correct the clerical error in the warrant telephonically; the search would still have been executed given that probable cause existed to search Defendant's property.[4]  Accordingly, Defendant's Objection is denied on this ground.

**CONCLUSION**

After an independent review of the pleadings, exhibits and transcript,

IT IS HEREBY ORDERED that:

1. The Report and Recommendation (Doc. 318) is ACCEPTED AND ADOPTED as the findings of fact and conclusions of law of this Court, with the modifications discussed in this Order;

2. Defendant's Motion to Suppress (Doc. 248) is DENIED;

Dated this 7th day of August, 2013.

Jennifer G. Zipps
United States District Judge

---

[4] In addition, Defendant did not offer any testimony indicating that, if he had been provided a copy of the warrant, he would have reviewed it, noticed the error and made the objection, and therefore this argument is speculative.

- 7 -